# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 30, 2022



Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 22-10788-BB
Case Style: Andrew John Delaney v. Daily Journal Corporation
District Court Docket No: 0:22-cv-60123-WPD

LIMITED REMAND

Enclosed is a copy of an order remanding this appeal on a limited basis for further proceedings. JURISDICTION OF THIS APPEAL IS BEING RETAINED BY THE ELEVENTH CIRCUIT.

This appeal will be held in abeyance in this court pending disposition of limited remand proceedings in your court.

Upon completion of limited remand proceedings, please promptly send a copy of the ORDER ON REMAND to this court and certify any supplemental record of proceedings.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Joe Caruso
Phone #: (404) 335-6177

CLK-3 DC Letter with Ltd Remand order

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 22-10788-BB

_____

ANDREW JOHN DELANEY,

                                                                                                    Plaintiff - Appellant,

CHRISTOPHER TENY BERES, et al.,

                                                                                                    Plaintiffs,

versus

DAILY JOURNAL CORPORATION,

                                                                                                Defendant - Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

Before: ROSENBAUM and GRANT, Circuit Judges.

BY THE COURT:

      Andrew Delaney appeals from the district court's order granting the Daily Journal Corporation's ("DJC") motion to dismiss for failure to state a claim. However, the allegations in the amended complaint were insufficient to establish the citizenship of all the parties. *See Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1304 (11th Cir. 2011); 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 88 (2010). DJC has moved to supplement the record with a declaration by Michelle Stephens, who is its corporate secretary and executive vice president, and its Form 8-K. Together, the documents establish that DJC is a South

Carolina corporation with its principal place of business in California and, thus, is a citizen of California and South Carolina. *See Hertz Corp.*, 559 U.S. at 88. While these documents would properly allege DJC's citizenship, Mr. Delaney's response to this Court's jurisdictional question ("JQ") casts doubt on his own citizenship as alleged in the amended complaint. In his JQ response, Mr. Delaney states that he is actually a citizen of California and not Florida, as was originally alleged in the complaint. If Mr. Delaney is, in fact, a citizen of California, diversity jurisdiction would not exist in this case. *See* 28 U.S.C. § 1332(a)(1); *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (noting that diversity jurisdiction requires complete diversity of citizenship, meaning that "no defendant . . . [is] a citizen of the same state as any plaintiff").

Accordingly, this appeal is REMANDED to the district court for the limited purpose of determining the citizenship of the parties to establish whether diversity jurisdiction existed. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022–23 (11th Cir. 2004); *see also Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1228 (11th Cir. 2017) ("In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century."). Once the district court makes findings as to whether diversity jurisdiction existed, it should return the record, as supplemented, to this Court for further proceedings.