UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 22-60123-CIV-DIMITROULEAS/HUNT

CHRISTOPHER T. BERES, AND
ANDREW DELANEY,

    Plaintiffs,

v.

DAILY JOURNAL CORPORATION,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

THIS CAUSE is before this Court following remand from the Eleventh Circuit for the purpose of determining the citizenship of the Parties. ECF Nos. 45, 46, 47. The Honorable William P. Dimitrouleas referred the issue of the Parties' citizenship to the undersigned for appropriate disposition or for a report and recommendation. ECF No. 47; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the record, applicable law, the briefs submitted by the Parties as well as the exhibits attached to the briefs, and argument of counsel at the November 4, 2022 hearing, the undersigned respectfully RECOMMENDS that the District Court dismiss this action for lack of subject matter jurisdiction for the reasons set forth below.

## **BACKGROUND**

Christopher T. Beres ("Beres") and Andrew Delaney ("Delaney") (collectively "Plaintiffs") brought this action against Daily Journal Corporation ("Daily Journal") alleging that Daily Journal defamed Plaintiffs in two articles. ECF No. 5. Beres, a Florida barred attorney, represented himself and Delaney. ECF No. 17. Delaney also appeared in this

action *pro hac vice*. ECF No. 28. Daily Journal moved to dismiss this action. ECF No. 20. The District Court granted the motion and dismissed with prejudice. ECF No. 32. Delaney appealed the dismissal and requested leave to proceed on appeal *in forma pauperis*, which the District Court granted. ECF No. 38.

On appeal, the Eleventh Circuit became concerned with Daily Journal's citizenship for purposes of establishing diversity jurisdiction. ECF No. 42. Daily Journal supplemented the record and the Eleventh Circuit noted that the documents submitted by Daily Journal established that it is a South Carolina corporation with its principal place of business in California. ECF No. 42. Thus, the Eleventh Circuit found that Daily Journal was a citizen of both California and South Carolina. ECF No. 42. However, the Eleventh Circuit also questioned Delaney's citizenship due to his response to the Eleventh Circuit's jurisdictional inquiry. ECF No. 42. The Eleventh Circuit noted that Delaney stated he was a citizen of California and not Florida, which he originally alleged in the Complaint. ECF Nos. 5, 42. As a result, the Eleventh Circuit remanded this action to the District Court for the limited purpose of determining the citizenship of the Parties to establish whether diversity jurisdiction existed. ECF No. 42.

On limited remand, the District Court issued an order and required the Parties to file briefs, accompanied by affidavits or declarations as necessary, addressing the citizenship of the Parties. ECF No. 43. After the Parties both complied with the Order on Limited Remand, the District Court referred the matter to the undersigned United States Magistrate Judge for a report and recommendation on the citizenship of the Parties and whether subject matter jurisdiction existed. ECF No. 47.

**THE HEARING**

The undersigned held a hearing on November 4, 2022.  ECF No. 57.  Delaney did not appear.  Instead, Beres appeared and objected to the hearing.  Beres objected on the grounds that the undersigned did not have jurisdiction to decide the diversity issue and that Beres was no longer counsel in this action.  Beres also raised other issues that are more defined in the notice he filed the morning of the hearing.  ECF No. 54.  However, many of the issues raised in the notice do not concern the citizenship of the Parties and will not be discussed in this report and recommendation.  *See* ECF No. 54.

The undersigned noted Beres' objections and explained the local rules, the magistrate judge rules, and the statutes governing referrals of dispositive and non-dispositive matters.  The undersigned also explained to Beres that he was still a named Plaintiff and still listed as counsel of record.  To the extent that Beres objects to the undersigned's jurisdiction, his objection is overruled.  *See* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1.

During the hearing, counsel for Daily Journal stated that Delaney has lied to this Court, the Eleventh Circuit, and other courts within and outside of this District in many filings and sworn statements.  Nevertheless, in light of the recent evidence—the affidavits from Delaney and Beres attached to their brief—counsel for Daily Journal conceded that Delaney is a U.S. citizen domiciled abroad and, as a result, diversity jurisdiction does not exist.  Beres agreed.

**DISCUSSION**

Diversity jurisdiction must exist at the time the action is filed, and subsequent events can neither create nor destroy it.  *See Grupo Dataflux v. Atlas Glob. Grp.,* 541

3

U.S. 567, 575-76 (2004).  "Citizenship is equivalent to domicile for purposes of diversity jurisdiction; mere residence is not sufficient."  *Chevaldina v. Katz,* 787 Fed. App'x 651, 653 (11th Cir. 2019).  "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."  *Id.*  When determining where a party is domiciled, courts routinely look to evidence such as affidavits, deposition testimony, driver's licenses, voter registration, employment records, vehicle registrations, mortgage documents, and tax returns.  *See, e.g.*, *Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1249 (11th Cir. 2005); *Chevaldina*, 787 Fed. App'x at 654.  "U.S. citizens domiciled abroad are neither citizens of a State under § 1332(a) nor citizens or subjects of a foreign state and therefore are not proper parties to a diversity action in federal court."  *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341 (11th Cir. 2011).

Delaney's affidavit asserts that: he is a U.S. citizen domiciled in the Philippines; he has lived outside of the United States since 1984; he has lived in Thailand for approximately four decades; he became a permanent resident of Thailand in 1997; from January 1, 1992 through December 31, 2021 he has filed his U.S. tax return as an overseas filer in Thailand; he obtained a retirement visa to the Philippines with no expiration date, which is attached to the affidavit; he is in a Filipino program for health care, evidence of which is attached to the affidavit; his driver's license is from Thailand; he has voted in Thai elections and is not registered to vote in any U.S. State; he does not own any property in the United States; he has been accepted for part-time study in a master's degree program at Stanford University in California; and the Philippines is where he intends to remain permanently.  ECF No. 46-3.

4

The opposing evidence consists of: three court complaints, including this action, wherein Delaney alleged he is domiciled in Florida; the *in forma pauperis* motion in this action where Delaney asserted he resided in Lighthouse Point, Florida; a motion to proceed *in forma pauperis* in a case before the Southern District of New York, wherein Delaney asserted he lived in New York; and the response to the Eleventh Circuit's jurisdictional question, wherein Delaney claimed he was domiciled in California. ECF No. 45-1–4.

The undersigned has reviewed the briefs as well as the accompanying affidavits and exhibits, and the undersigned agrees with the Parties that Delaney is a U.S. citizen domiciled abroad in the Philippines. While there is competing evidence, Delaney's affidavit and accompanying documents demonstrate that Delaney is domiciled in the Philippines and has not lived in the United States for some time. This also means that Delaney's affidavit demonstrates that Delaney misrepresented his domicile to multiple courts within and outside of this District as well as the Eleventh Circuit. However, Delaney's misrepresentations, while irksome, do not change the undersigned's determination that he is a U.S. citizen domiciled abroad. Thus, Delaney is neither a citizen of a State under 1332(a) nor a citizen or subject of a foreign state, and therefore not a proper party to a diversity action in federal court. As a result, diversity jurisdiction does not exist, and did not exist at the time of filing.

## **RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that the District Court find that Delaney is a U.S. citizen domiciled abroad and that this Court does not have jurisdiction over this action pursuant to 1332(a). The case should therefore be dismissed.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); see *Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 7th day of November 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable William P. Dimitrouleas
All Counsel of Record