UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-cv-60123-WPD

CHRISTOPHER T. BERES
and ANDREW DELANEY,

        Plaintiffs,

v.

DAILY JOURNAL CORPORATION,

        Defendant.
_____/

## ORDER ON REMAND; ADOPTING REPORT OF MAGISTRATE JUDGE

THIS CAUSE is before the Court upon the Order of Limited Remand from the Eleventh Circuit Court of Appeals, received on July 1, 2022 (the "Order of Limited Remand") [DE 42], and the Report and Recommendation of Magistrate Judge Patrick M. Hunt, entered on November 7, 2022 (the "Report") [DE 58].

Plaintiffs Christopher T. Beres and Andrew Delaney filed the operative complaint in this action on January 1, 2022 against Defendant Daily Journal Corporation, asserting a claim for defamation based on Defendant's publication of a two-part article. *See* [DE 5]. Plaintiffs alleged that this Court had subject matter jurisdiction under 28 U.S.C. § 1332, which requires complete diversity of citizenship and an amount in controversy over $75,000. *See id.* at ¶ 1. The operative complaint alleged that both Plaintiffs were citizens and residents of Florida and that Defendant was a corporation based in South Carolina. *See id.* at ¶¶ 2–4.

The Court granted Defendant's motion to dismiss on March 7, 2022. *See* [DE 33]. Plaintiffs appealed the Order to the Eleventh Circuit Court of Appeals. *See* [DE 34]. On April 20,

2022, the Eleventh Circuit dismissed the appeal as to Beres only for failure to prosecute. *See* [DE 41] On June 30, 2022, the Eleventh Circuit issued its Order of Limited Remand, remanding this case for "the limited purpose of determining the citizenship of the parties to establish whether diversity jurisdiction existed." [DE 42] at 3. In its Order, the Eleventh Circuit noted that "the allegations in the amended complaint were insufficient to establish the citizenship of all the parties" but that the documents Defendant proposed to submit would sufficiently establish that Defendant is a citizen of California and South Carolina. *Id.* at 2–3. However, Delaney's jurisdictional responses stated that he is a citizen of California, not Florida, "cast[ing] doubt on his own citizenship as alleged in the amended complaint." *Id.* at 3.

On remand, the Court directed the parties to file briefs, supported by affidavits or declarations as necessary, addressing whether the Court had diversity jurisdiction. *See* [DE 43]. In response to the Court's Order, Delaney asserted—for the first time—that he is a U.S. citizen domiciled abroad in the Republic of the Philippines and proffered evidence that he argues demonstrates his domicile. *See* [DE 46]. Because the evidence presented by Delaney appeared to contradict previous filings in this case, including those made under penalty of perjury, the Court referred the matter to United States Magistrate Judge Patrick M. Hunt for an evidentiary hearing and appropriate disposition or report and recommendation. *See* [DE 47].

After a hearing on November 4, 2022, *see* [DE 57], Magistrate Judge Patrick M. Hunt issued the Report, recommending that the Court find that Delaney is a U.S. citizen domiciled abroad and that this Court lacks jurisdiction pursuant to 28. U.S.C. § 1332(a). *See* [DE 58]. Specifically, Magistrate Judge Hunt agreed with the parties that Delaney is a U.S. citizen domiciled abroad in the Philippines. Magistrate Judge Hunt also noted that this means Delaney

2

misrepresented his domicile to multiple courts within and outside this District as well as to the Eleventh Circuit. *See id.*

The Court notes that no objections to the Report [DE 58] have been filed, and the time for filing such objections has passed. As no timely objections were filed, the Magistrate Judge's factual findings in the Report [DE 58] are hereby adopted and deemed incorporated into this opinion. *LoConte v. Dugger*, 847 F.2d 745, 749–50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Although no timely objections were filed, the Court has conducted a *de novo* review of the Report [DE 58] and record and is otherwise fully advised in the premises. The Court agrees with the Magistrate Judge's reasoning and conclusions.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 58] is hereby **ADOPTED** and **APPROVED**.
2. In accordance with the Order of Limited Remand from the Eleventh Circuit [DE 42], the Court finds that at the time the action was filed, Plaintiff Andrew Delaney was U.S. citizen domiciled abroad in the Philippines and is thus neither a citizen of a State under § 1332(a) nor a citizen or subject of a foreign state. Therefore, subject matter jurisdiction does not exist in this action under 28 U.S.C. § 1332. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F. 3d 1330, 1341 (11th Cir. 2011) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828–29 (1989)).
3. As instructed by the Eleventh Circuit, the Clerk is **DIRECTED** to return the record, as supplemented, including a copy of this Order on Remand and the Report [DE 58], to the United States Court of Appeals for the Eleventh Circuit.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of November, 2022.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record
Magistrate Judge Hunt
Eleventh Circuit