# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 13, 2023

FILED BY ____AP____ D.C.

Feb 13, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 22-10788-GG
Case Style: Andrew John Delaney v. Daily Journal Corporation
District Court Docket No: 0:22-cv-60123-WPD

The enclosed copy of this Court's order of remand is issued as the mandate of this Court. Counsel and parties are advised that with this order of remand this appeal is concluded. If further review is to be sought in the future a timely new notice of appeal must be filed.

Clerk's Office Phone Numbers
| | |
|---|---|
| General Information | 404-335-6100 |
| New / Before Briefing Cases | 404-335-6135 |
| Cases in Briefing / After Opinion | 404-335-6130 |
| Cases Set for Oral Argument | 404-335-6141 |
| Capital Cases | 404-335-6200 |
| Attorney Admissions | 404-335-6122 |
| CM/ECF Help Desk | 404-335-6125 |

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 22-10788-GG

ANDREW JOHN DELANEY,

Plaintiff - Appellant,

CHRISTOPHER TENY BERES, et al.,

Plaintiffs,

versus

DAILY JOURNAL CORPORATION,

Defendant - Appellee.

Appeal from the United States District Court
for the Southern District of Florida

Before: WILSON, JORDAN, and NEWSOM, Circuit Judges.

BY THE COURT:

In light of the responses to the jurisdictional question, we remanded this case to the district court so it could determine in the first instance whether it had subject matter jurisdiction. The district court concluded that, when the complaint was filed, it lacked subject matter jurisdiction. Diversity jurisdiction did not exist because Andrew Delaney was a United States citizen domiciled in the Republic of the Philippines and, thus, was neither a citizen of a State under 28 U.S.C. § 1332(a) nor a citizen or subject of a foreign state. *See* 28 U.S.C. § 1332(a)(1)-(2); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989); *Molinos Valle Del Cibao, C.*

*por A. v. Lama*, 633 F.3d 1330, 1341 (11th Cir. 2011) ("U.S. citizens domiciled abroad are neither 'citizens of a State' under § 1332(a) nor 'citizens or subjects of a foreign state' and therefore are not proper parties to a diversity action in federal court.").

Because the district court did not have subject matter jurisdiction, the district court's March 7, 2022, final order is VACATED, and we REMAND the case to be dismissed without prejudice.

Any outstanding motions are DENIED as moot.